FINLAY STRAUS, INC., et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v. UNIVERSITY OF THE STATE OF NEW YORK et al., Appellants.— Hill, P. J., Crapser and Bliss, JJ., concur; Heffernan, J., dissents in memorandum in which Schenck, J., concurs. Heffernan, J. (dissenting). I dissent. Defendants have appealed from an order of the Albany

Special Term of the Supreme Court granting plaintiffs' motion for a temporary injunction pending the trial of the action in which it is sought to obtain a judgment declaring rules 6, 7 and 8 of the Board of Regents relating to the practice of optometry *ultra vires*. The plaintiffs are domestic corporations engaged in the business of selling jewelry and kindred goods in 19 stores in the city of New York. In their several stores they have retained the services of licensed optometrists who examine the eyes of customers and prescribe corrective lenses. The customer is billed through the corporation and pays one fee which includes the cost of examination, the lenses and the frames. The fee is paid to the corporation and not to the optometrist who is merely its employee. The rules which are attacked have no application to plaintiffs and apply solely to optometrists. There is nothing in these rules to prevent plaintiffs from carrying on an advertising campaign in connection with the sale of optometry goods as merchandise on prescription. Not only do these rules not apply to plaintiffs but no notice required by such rules has ever been given to any of plaintiffs' employees. Defendants have not threatened plaintiffs with the institution of any action and hence there is nothing which the court may enjoin. It is quite apparent that plaintiffs are not the real parties in interest in this suit because on no theory have they a cause of action against defendants. There is nothing in the complaint to indicate that plaintiffs are entitled to a judgment against defendants restraining the commission or continuance of any act. It seems to me that the temporary injunction was improvidently granted and that the order should be reversed and the motion denied.